*Lin v. Lynch*

BIA
Balasquide, IJ
A201 124 088

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26ᵗʰ day of January, two thousand sixteen.

PRESENT:
      RICHARD C. WESLEY,
      PETER W. HALL,
      DEBRA ANN LIVINGSTON,
        *Circuit Judges.*

_____

RUI TAI LIN,
      *Petitioner,*

v.                            14-3570
                                  NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:       Gerald Karikari, Law Offices of Gerald Karikari, P.C., New York, New York.

FOR RESPONDENT:       Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Russell

J.E. Verby, Senior Litigation Counsel; John D. Williams, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Rui Tai Lin, a native and citizen of the People's Republic of China, seeks review of an August 29, 2014, decision of the BIA affirming a January 28, 2013, decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rui Tai Lin,* No. A201 124 088 (B.I.A. Aug. 29, 2014), *aff'g* No. A201 124 088 (Immig. Ct. N.Y. City Jan. 28, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

2

For asylum applications like Lin's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account," and inconsistencies in an applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Under "the totality of the circumstances," the IJ's adverse credibility determination is based on substantial evidence. 8 U.S.C. § 1158(b)(1)(B)(iii).

Lin claimed that he was arrested, detained, interrogated, and beaten for attending an underground Christian church in China. Lin initially testified that he was baptized in China on September 19, 2010. He was asked how he could have been baptized in China in September 2010 when he came to the United States in June 2010. Lin explained that September 19, 2010 is the day his baptismal certificate was issued, that he was baptized on January 24, 2010, and the reason he gave the September date was because he did not hear the question

3

correctly.   The IJ reasonably declined to credit Lin's explanation.  *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The IJ also reasonably relied on inconsistencies between Lin's testimony and the testimony of his witness, Yi Chun Liu. Lin testified that, when he came to the United States, he attended the Chinese Baptist Church, but he later attended the Chinese Christian Church of Grace.  He testified that he took Liu to the Chinese Baptist Church in August 2010.  Liu testified that he went to church with Lin on August 22, 2010 and that he could not remember the name of the church he attended, but that Lin continues to attend the same church.  Liu also testified that he could not remember the date of his own marriage.  The IJ found that these inconsistencies cast doubt on whether Lin attends church in the United States.

The IJ also found that Lin failed to adequately corroborate his claim that he is a practicing Christian.  Lin failed to obtain either testimony or written statements from any of his fellow church members; Lin explained that no one would testify because they do not have legal status or do not like coming to court.    Considering the inconsistencies between Lin and

4

Liu's testimony, which cast doubt on Lin's testimony that he attends church, the IJ reasonably found that this lack of corroboration reflected poorly on Lin's credibility. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Although the above inconsistencies do not concern the harm Lin allegedly suffered in China, the IJ was entitled to rely on them, *Xiu Xia Lin*, 534 F.3d at 163-64, and the IJ was entitled to rely on the cumulative impact of these inconsistencies to find Lin not credible. *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006). The IJ's adverse credibility determination is supported by substantial evidence. Because all three claims shared the same factual predicate, the IJ reasonably denied asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006) (withholding); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005) (CAT).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5